UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                  Case No. 17-cr-20383
                                                  District Judge Paul D. Borman

GEOROD LUNSFORD,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant filed a *pro se* Motion for Compassionate Release that also requested assistance of counsel. (ECF No. 47.) The Court appointed counsel, who filed a Motion for Compassionate Release on behalf of Defendant. (ECF No. 50.) The Government filed a Response in Opposition. (ECF No. 52.) Defendant filed a Reply. (ECF No. 55.) Defendant has exhausted his administrative remedies through the Bureau of Prisons (BOP), so his Motion is properly before this Court.

Defendant contends that he has "extraordinary and compelling" circumstances that warrant his release. Defendant further contends that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support his release.

Defendant is incarcerated at FCI-Cumberland (MD) which presently has 16 positive COVID-19 inmate cases (318 recovered) and 7 positive staff cases (70

1

recovered). Defendant began serving his sentence in mid-2018. Defendant's outdate is June 2, 2026. (Per BOP Regional Attorney Joseph McGuire, St. Louis, 9/27/2021.)

As to "extraordinary and compelling circumstances," Defendant contends that he "suffers from severe hypertension, obesity, respiratory disorders, prediabetes, and is still living with the effects of a colostomy. He also wears a CPAP machine…" (ECF No. 50, at PageID.272.) Defendant contends that he is a medically vulnerable prisoner at a high risk of experiencing severe outcomes from COVID-19 if he contracts it, and that because he is allergic to most, if not all vaccines, he "has been advised by the health service that he should not take the COVID-19 vaccine as there is a severe risk of serious side effects and allergic reactions." (*Id.* at PageID.272-273.)

The Government Response contends that because Defendant has refused the COVID-19 vaccine and has previously recovered from COVID-19, this does not present an extraordinary and compelling reason for release.

The Government recognizes that Defendant's BOP records state that he suffers from obesity, sleep apnea, hypertension, and prediabetes, but attaches BOP medical records indicating that all of these conditions are well-controlled through prescriptions and treatment. (*Id.* at PageID.287-88.)

2

The Government notes, as to Defendant's refusal to take the Moderna COVID-19 vaccine, he has not provided any documentation to support his "allergic" claim, and his BOP health service advice claim to not take the vaccine. Further, the Government points out that, according to BOP medical records, he has no known allergies, and stated that he has no allergies when interviewed by the Probation Department in 2017. (*Id.* at PageID.295.)

The Government contends that Defendant has continuously been a drug dealer who, in the instant case, sold heroin laced with carfentanil and fentanyl that killed an 18-year-old drug addicted individual. (ECF No. 52, at PageID.283.) Defendant has three prior drug convictions from 2007, 2012, and 2014.

Defendant pleaded guilty to distribution of a controlled substance, was sentenced to 120 months imprisonment (ECF No. 45), and has served only 48 months of his sentence. (*Id.* at PageID.284.)

This Court revoked Defendant's bond pending sentencing after he tested positive for marijuana six times. (*Id.* at PageID.286.) Defendant has been disciplined three times in the BOP, including violations for engaging in phone abuse, and possessing a dangerous tool. (*Id.* at PageID.287, citing Gov't Ex. B, Discipline Data, Bates No. 004.)

The Government points out that this Court was the sentencing Court, and that its balancing of the § 3553(a) factors a few years ago continues to be an

3

accurate assessment of these factors--in particular, his danger to the community if released, and the extreme danger of his offense of conviction for distributing carfentanil. (*Id.* at PageID.303.)

Finally, the Government notes that Defendant has served but a small portion of his sentence, which is also a factor the United States Court of Appeals for the Sixth Circuit has held the Court should consider under a defendant's motion for compassionate release: *United States v. Kincaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020).

## CONCLUSION

The Court finds that there are no "extraordinary and compelling" reasons warranting a reduction in sentence. The relevant § 3553(a) factors, set forth in the Government's Response, and that were discussed in this Court at the original sentencing proceeding. As the Sixth Circuit recently noted, "facts that existed when defendant was sentenced cannot later be construed as 'extraordinary or compelling' justification for a sentence reduction." *United States v. Hunter*, ___ F.4th ___ (2021), 2021 WL 3855665, *11, August 30, 2021.

The Court further concludes that there are no post-sentence factual developments that are "extraordinary and compelling" that undermine the Court's weighing and applying of the § 3553(a) factors at his sentencing. In fact, post sentencing, he has accumulated disciplinary actions while in prison.

Accordingly, the Court DENIES Defendant Georod Lunsford's Motion for Compassionate Release.

SO ORDERED.

DATED: September 27, 2021

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE