UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GEOROD LUNSFORD,

      Defendant.
_____/

Case No. 2:17-cr-20383

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO WAIVE FEES FOR ACQUIRING COURT DOCUMENTS (ECF No. 62)**

This matter is before the Court on Defendant Georod Lunsford's request for a fee waiver to acquire copies of documents from his long-closed criminal case. As explained below, Lunsford's request is unrelated to any ongoing litigation that might otherwise provide a basis for the request. Thus, this Court may not grant Lunsford's request.

## I. BACKGROUND

In 2017, Lunsford pleaded guilty to one count of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). ECF No. 34 at PageID.147–55. In 2018, United States District Judge Paul D. Borman accepted Lunsford's plea agreement and sentenced Lunsford to 120 months in prison and a subsequent three years of supervised release. ECF No. 45. In 2021, Lunsford moved for a reduction

of his sentence or compassionate release, arguing that the COVID-19 pandemic and his various medical conditions were extraordinary and compelling circumstances that warranted early release. ECF Nos. 47; 50. Judge Borman denied Lunsford's motions, finding that his preexisting medical conditions, and the other factors provided in 18 U.S.C. § 3553(a), weighed against him. ECF No. 60 at PageID.491–93.

In August 2025, Lunsford—proceeding *pro se*—filed "a [r]equest to be construed as an application [*in forma pauperis*]" to waive fees associated with acquiring documents from his now-closed case. ECF No. 62. Lunsford explains that he is seeking copies of his sentencing transcripts, his plea agreement, the docket sheet, the judgment of commitment, a statement of reasons, and sentencing memoranda from both parties. *Id.* at PageID.511.

## II. LEGAL STANDARD

Because Lunsford is proceeding *pro se,* this Court will not hold his filings to the same stringent standards as those prepared by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, Lunsford "enjoy[s] the benefit of a liberal construction of [his] pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, the allegations must still include some supportive, factual basis. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that dismissal of a *pro se* filing is appropriate "if it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief") (quotation marks and citations omitted)).

### III. DISCUSSION

Lunsford requests a waiver of the fees associated with acquiring copies of documents from his closed case. ECF No. 62 at PageID.511. He frames this request as an application to proceed *in forma pauperis*. *Id.* However, Lunsford has not completed the formal application for proceeding *in forma pauperis*, nor has he indicated the purpose for his request or the nature of an overarching claim.[1] In other words, because Lunsford's case is closed, the basis and authority for his request is unclear.

If Lunsford intends to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in order to exercise his statutory right to free transcripts, he must comply with 28 U.S.C. § 753(f), which provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal.

*See United States v MacCollom*, 426 U.S. 317, 320–21 (1976) (citing § 753(f)).

---

[1] Additionally, having not directly appealed his 2021 sentence, Lunsford has forgone his right to appeal *in forma pauperis* in order to receive free transcripts of the proceedings through direct appeal. *U.S. v MacCollom*, 426 U.S. 323, 325–26 (1976); FED. R. APP. P. 24(a); 28 U.S.C. § 1915(c).

- 3 -

This Court has outlined two requirements for a party seeking free court documents[2] who intends to, but has not yet, filed a motion under 28 U.S.C. § 2255. *United States v. Chambers* 788 F. Supp. 334, 338 (E.D. Mich. 1992). First, "he must be certified to proceed *in forma pauperis* under § 1915. Next, he must submit a motion for [a] free transcript setting forth specific factual allegations in support of his forthcoming § 2255 motion." *Id*. If these conditions are met, the court determines whether the motion is frivolous and whether the transcript is necessary "to decide the issues to be raised in the § 2255 motion." *Id*.

Here, Lunsford fails to satisfy the first requirement because he did not submit the official application to proceed with a claim *in forma pauperis*. *See id*. His filing also does not specify the nature of his intended claim, much less provide any supporting factual allegations or reasons why access to his court documents is necessary for a future claim. *See id*. Therefore, this Court cannot complete the requisite certification under 28 U.S.C. § 753(f). Although Lunsford's *pro se* request is liberally construed, his bare request to access court documents—without any

---

[2] In *Chambers*, the defendant sought free access to transcripts and "all pre-trial records." 788 F. Supp. at 335. The Court in *Chambers* focused its analysis on the statutes and precedent addressing transcripts only. On the basis of this analysis, the Court denied the defendant's motion, thereby denying his request for transcripts and the other pretrial documents. *Id*. at 338. Accordingly, this Court will analyze Lunsford's request for all listed documents under the same standard for transcript requests. *See id*.

additional factual allegations, context, or procedural clarity—cannot be granted as presented. *See Boswell*, 169 F.3d at 387.

## IV. CONCLUSION

Accordingly, Lunsford's Request to Waive Fees, ECF No. 62, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 28, 2025